**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ORLANDO PAUL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cv-00496-SEP |
| | ) | |
| TERRY SNOW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on multiple motions and 28 U.S.C. § 1915(e)(2)(B) review.  Upon review of Plaintiff Orlando Paul's motion for leave to commence this civil action without prepaying fees or costs, the Court grants the motion and assesses an initial partial filing fee of $11.79.  Additionally, the Court denies Plaintiff's motion to appoint counsel and, finding the Complaint deficient under 28 U.S.C. § 1915(e)(2)(B), provides Plaintiff the opportunity to file an amended complaint.

### BACKGROUND

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After paying the initial partial filing fee, the prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to his account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid.  *Id.*

In support of his motion, Plaintiff submitted an inmate account statement showing an average monthly deposit of $21.92 and an average monthly balance of $58.94.  The Court will therefore assess an initial partial filing fee of $11.79, which is twenty percent of Plaintiff's average monthly balance.

**LEGAL STANDARD ON INITIAL REVIEW**

This Court must dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(b).  An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.  The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**THE COMPLAINT**

Plaintiff, an inmate at the Missouri Eastern Correctional Center (MECC), filed the Complaint pursuant to 42 U.S.C. § 1983 against Terry Snow and Chad Bess.  He identifies

2

both Defendants as corrections officials at the Farmington Correctional Center and sues them in their official and individual capacities.  Doc. [1] at 1.  Plaintiff alleges:  "They target and harrass [*sic*] me and had other COIs to [] lock me up and rip up my cell every chance they get." (Doc. [1] at 3).  Plaintiff claims he suffered psychological injuries and appetite loss, causing weight loss.  Doc. [1] at 4.  He seeks monetary relief and a reduction in his prison sentence.

**DISCUSSION**

The Complaint cannot survive review under 28 U.S.C. § 1915(e)(2)(b).  Plaintiff's official-capacity claims against Defendants, both of whom are identified as Missouri state officials, are barred by sovereign immunity.  *See Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) (§ 1983 damages claim against state official acting in official capacity is barred either by the Eleventh Amendment or because he is not a "person" capable of being sued).  Plaintiff's individual-capacity claims are also subject to dismissal because he alleges no facts permitting the inference that either Defendant was personally involved in or directly responsible for causing harm.  *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).  Instead, Plaintiff offers only the "unadorned, the-defendant-unlawfully-harmed-me" accusations that the Supreme Court has found deficient and that this Court is not required to presume true.  *Iqbal*, 556 U.S. at 678.  Finally, Plaintiff may not seek early release in this 42 U.S.C. § 1983 action.  Federal habeas corpus, not § 1983, is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Plaintiff may file an amended complaint.  Plaintiff is advised that the amended complaint will replace the original.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").  Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the Court-provided form, Plaintiff should clearly name each person he intends to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must

3

name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one defendant, he should include only claims that arise out of the same transaction or occurrence—that is, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that Plaintiff allege facts explaining how a defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (essential function of complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, Plaintiff is advised he may not attempt to amend a complaint by filing separate documents containing changes he wishes to make to certain parts. Instead, he must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (inappropriate to grant leave to amend complaint when proposed amended complaint was not submitted with the motion).

Plaintiff also filed a motion to appoint counsel, which the Court will deny. A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where

4

the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794). In this case, Plaintiff has not filed a complaint that states a non-frivolous claim, and nothing indicates that the appointment of counsel would be of sufficient benefit to Plaintiff and the Court. For those reasons, the motion for appointment of counsel will be denied. The Court will entertain future motions for appointment of counsel, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (Doc. [3]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. [2]) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $11.79 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to Plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FINALLY ORDERED** that, within thirty (30) days of the date of this order, Plaintiff may file an amended complaint in accordance with the instructions herein. **Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 20th day of August, 2021.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE